Judge Underwood
delivered the opinion of the court.
Lusk moved against Pogue as sheriff, and his sureties, for failing to returnan execution as required by law. Pogue, &c. attempted to defend themselves upon pleas olformer recovery, and the only question is, whether the defence so relied on should prevail. Upon an examination of the proceedings had in the Knox circuit court, at the March term 1830, we are of opinion that they constitute no bar. It is conceded that the motion then made was founded upon the same failure to return the same execution which constitutes the basis of the motion under review. To defeat a recovery at the March term, Pogue &c, filed two pleas, both of which, in substance, assert that the motion had been made without the consent or authority of Lusk. To these pleas replications were put in, avering, in substance, that Lusk had assigned to O. W. Walker & Co. the benefit of the note upon which the judgment was entered, whereon the execution issued for the failure to return which the motion was prosecuted, and that Walker & Co. employed Ballinger to prosecute the motion. It appears that demurrers were filed to the replications and overruled by the court; upon which, as the record states, Pogue &c. filed a rejoinder to the replication to the second plea, but refused to rejoin to the replication to the first plea. It is then said, that “by agreement of the parties, the motion was submitted to the court for decision on the law and testimony, and the court having heard the evidence and duly considered the same, decides in favor of the defendants.” Then follows a judgment against Lusk for the costs.
Motions of this kind may be tried without pleadings in writing, but when written pleas are filed, it is to be presumed that the trial was conducted and evidence admitted exclusively in reference to the matters put in issue by ihe pleas. We therefore suppose that the trial was so conducted at the March term J 830, the record furnishing no inference to the contrary; and if so, the court did not adjudicate upon *580 the merits of the controversy. Consequently the-proceedings at that term constitute no bar to a recovery. The proceedings had at the June term, when Lusk was non-suited, do riot furnish a pretext for baring the motion. There must be a trial upon the merits before the judgment of the court will constitute a bar; see the proviso to the act of 1811, II. Dig. 1143.
Monroe, for plaintiffs; Dana, for defendant.
• Wherefore, the judgment is affirmed with damages, but without costs, as Pogue &c. are in default.,